**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC A. DOVER, MD, | No. 13-36183 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-01360-BR |
| v. | |
| KATHEEN HALEY, JD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Eric A. Dover, MD, appeals pro se from the district court's order dismissing

his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated

when state officials revoked his medical license.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal based on absolute immunity, *Olsen*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), and we affirm.

The district court properly dismissed the claims against Administrative Law Judge Barber on the basis of judicial immunity. *See Romano v. Bible*, 169 F.3d 1182, 1186-87 (9th Cir. 1999) (state officials presiding over hearings entitled to absolute immunity).

The district court properly dismissed the claims against Kroger and Foote on the basis of prosecutorial immunity. *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (attorneys representing the government in litigation entitled to absolute immunity).

The district court properly dismissed the claims against the remaining defendants because the alleged constitutional violations arose from the performance of functions that "are inherently judicial in nature," *Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999) (absolute immunity applies to those engaged in state medical board disciplinary proceeding when they perform actions that "are judicial or closely associated with the judicial process"), and Dover failed to allege facts sufficient to show any constitutional violations arising from the performance of "ministerial" acts, *Olsen*, 363 F.3d at 929 (absolute immunity does not extend to ministerial acts).

**AFFIRMED.**

13-36183